ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| JULIA TORRES COLÓN<br><br>Recurridos<br><br>v.<br><br>HOSPITAL ORIENTE, INC.<br>Y OTROS<br><br>Peticionarios | KLCE202301249 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm.: HU2023CV00420<br><br>Sobre: Despido Injustificado (Ley Núm. 80) y otros |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz y la jueza Mateu Meléndez

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

Comparece Hospital Oriente, Inc. en adelante el Hospital Oriente o el peticionario y solicita que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala de Humacao, en adelante TPI, mediante la cual se declaró no ha lugar la Moción de Desestimación presentada por el peticionario.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

-I-

La señora Julia Torres Colón, en adelante la señora Torres o la recurrida, presentó una *Querella* sobre despido injustificado y discrimen por edad bajo la Ley Núm. 80-1976, la Ley Núm. 100 de 30 de junio de 1959, en adelante Ley Núm. 100-1959, así como el *Age Discrimination in Employment Act,* en adelante ADEA.[1]

---
[1] Apéndice del peticionario, págs. 1-9.

Número Identificador

RES2023_____

Adujo que el Hospital Oriente y el Hospital Menonita Humacao suscribieron un contrato de compraventa de operaciones y que este último, además de acordar asumir las obligaciones del Hospital Oriente, se comprometió a mantener la relación obrero patronal con la recurrida, quien permanecería en su mismo puesto tras la compraventa. Sin embargo, la señora Torres fue despedida. Así pues, la recurrida alega que fabricaron una razón para evaluar negativamente su desempeño, por lo que su despido fue injustificado y, además, constituyó discrimen por razón de edad. En síntesis, adujo que ocupaba un puesto regular y fue sustituida por una persona más joven.

En lo aquí pertinente, el peticionario presentó una moción de desestimación, en la que arguyó que la señora Torres nunca interrumpió el término prescriptivo para presentar una acción en su contra, por lo que alegó que la *Querella* está prescrita en cuanto al Hospital Oriente.[2] Específicamente, sostuvo que la recurrida presentó la *Querella* tres años después de su despido, que los procedimientos administrativos que instó fueron exclusivamente contra Hospital Menonita Humacao y que no fue notificado de los mismos.

Tras varios incidentes procesales, la recurrida se opuso a la moción de desestimación.[3] Adujo que tanto Hospital Oriente como Hospital Menonita Humacao han obstaculizado el descubrimiento de prueba por lo que, solicitó denegar la desestimación o posponerla hasta que recopile prueba suficiente para adjudicarla.

---

[2] *Id.,* págs. 77-87.
[3] *Id.,* págs. 149-159.

En desacuerdo, Hospital Oriente presentó una réplica en la que reiteró sus reclamos.[4]

Del mismo modo, la señora Torres presentó una dúplica a la réplica en la que también insistió en las alegaciones esbozadas en la *Querella*.[5]

Con el beneficio de la comparecencia de ambas partes, el TPI declaró no ha lugar la moción de desestimación.[6]

Inconforme, el peticionario presentó un recurso de *Certiorari* en el cual invoca la comisión del siguiente error:

> ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA AQUÍ PETICIONARIA CUANDO, SEGÚN SE DESPRENDE DE DICHA MOCIÓN DISPOSITIVA, LA QUERELLA SE ENCUENTRA PRESCRITA EN CUANTO A ESTA PARTE RESPECTA Y LA RECURRIDA NO HA DESVIRTUADO O REPLICADO DEBIDAMENTE A DICHOS ARGUMENTOS.

Revisados el escrito del peticionario y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de

---

[4] *Id.,* págs. 217-224.
[5] *Id.,* págs. 251-257.
[6] *Id.,* pág. 320.

Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[…].[7]

**1.**

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[8] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[9]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[7] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[8] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[9] *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[10]

**B.**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo.[11] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil permite a un demandado presentar una moción antes de presentar su contestación a la demanda, solicitando que se desestime la misma.[12] Específicamente, la Regla 10.2 reconoce varios supuestos bajo los cuales es posible solicitar una desestimación, a saber:

… (1) falta de jurisdicción sobre la materia;(2) falta de jurisdicción sobre la persona;(3) insuficiencia del emplazamiento;(4) insuficiencia del diligenciamiento del emplazamiento;(5) dejar de exponer una reclamación que justifique la concesión de un remedio;(6) dejar de acumular una parte indispensable.[13]

---

[10] *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[11] Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411; *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).
[12] Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2; *Casillas Carrasquillo v. ELA*, *supra*.
[13] Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

Al solicitar la desestimación, "los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante".[14] En consecuencia, nuestro ordenamiento procesal civil permite al demandado solicitar la desestimación de la reclamación cuando de las alegaciones de la demanda es evidente que alguna de las defensas afirmativas prosperará.[15]

Finalmente, ante una solicitud de desestimación, el tribunal deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas.[16] Así pues, para prevalecer, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun interpretando la demanda de la manera más liberal a su favor.[17]

## C.

Por otro lado, es norma firmemente establecida que los tribunales apelativos no intervienen con el manejo de los casos por parte del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra

---

[14] *López García v. López García*, 200 DPR 50, 69 (2018); *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). Véase, además, *Eagle Security Police, Inc. v. Efrón Dorado*, 2023 TSPR 5, 211 DPR __ (2023).

[15] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).

[16] Véase, Hernández Colón, *op. cit.*, sec. 2604, pág. 307; *Ashcroft v. Iqbal*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).

[17] *López García v. López García*, *supra*; *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005). Véase, además, *Cobra Acquisitions, LLC v. Mun. Yabucoa*, 210 DPR 384, 396 (2022).

intervención en esa etapa evitará un perjuicio sustancial".[18] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia salvo que incurra en algunas de las conductas previamente mencionadas y si a la luz de la prueba admitida, "no exista base suficiente que apoye su determinación".[19] Además, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar para llegar eventualmente a una disposición final.[20]

**-III-**

El peticionario aduce que la *Querella* de epígrafe debe ser desestimada en tanto se encuentra prescrita. Particularmente, alega que los derechos que conceden tanto la Ley Núm. 80-1976 como la Ley Núm. 100-1959 prescriben por el transcurso de un año. En cambio, la señora Torres presentó la Querella tres años después de su despido. Así pues, Hospital Oriente insiste en que ninguno de los tres casos, presentados por la recurrida ante el Negociado de Normas, la Oficina de Mediación y Adjudicación, y la Unidad Antidiscrimen, todas adscritas al Departamento del Trabajo, interrumpieron los términos de la causa de acción en su contra. Del mismo modo, arguye que los casos fueron instados contra Hospital Menonita Humacao, persona jurídica distinta al peticionario, quien no fue parte de, ni fue notificado de los procedimientos administrativos en cuestión.

---

[18] *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 338 (2021); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015).
[19] *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 794 (2020).
[20] *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013); *Mejías et al. v. Carrasquillo et al,* 185 DPR 288, 306-307 (2012).

Por tratarse de una moción dispositiva tenemos facultad para atender el recurso antes nuestra consideración.

Sin embargo, luego de revisar el escrito de la peticionaria y los documentos que obran en autos, resolvemos que ni el remedio ni la disposición recurrida son contarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Además, colegimos que la etapa del procedimiento en que se presenta el caso no es la más propicia para su consideración. Regla 40 (E) del Reglamento del Tribunal de Apelaciones, *supra*.

Debemos añadir que estamos ante una determinación interlocutoria sobre manejo del caso y no observamos ninguna de las conductas que justificarían nuestra intervención.

Finalmente, no se configura ninguna de las circunstancias que justifican la expedición del auto bajo cualquier otro de los fundamentos de la Regla 40 de nuestro Reglamento.

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones